**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4111

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JABARA L. THREAT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:10-cr-00202-HEH-1)

Submitted: August 25, 2011      Decided: September 1, 2011

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Amy L. Austin, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jabara L. Threat entered a conditional guilty plea to unlawful possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006). Threat preserved his right to challenge the district court's denial of his motion to suppress evidence seized as a result of an investigative stop. On appeal, Threat argues that the district court erred in denying his motion to suppress because the officers did not have reasonable articulable suspicion that he was engaged in criminal activity. Finding no error, we affirm.

In reviewing the district court's ruling on a motion to suppress, we review the district court's findings of fact for clear error and its determination of reasonable suspicion de novo. United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009), cert. denied, 130 S. Ct. 1104 (2010). We accord particular deference to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008). When the district court has denied a motion to suppress, we construe the evidence in the light most favorable to the government. United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008).

Consistent with the Fourth Amendment, an officer may conduct a brief investigatory stop when there is reasonable suspicion based on articulable facts that criminal activity is

2

afoot.  <u>Illinois v. Wardlow</u>, 528 U.S. 119, 123 (2000).  Whether there is reasonable suspicion to justify the stop depends on the totality of the circumstances, including the information known to the officers and any reasonable inferences to be drawn at the time of the stop.  <u>United States v. Sokolow</u>, 490 U.S. 1, 8 (1989).  Reasonable suspicion may exist even if each individual factor alone is susceptible of innocent explanation.  <u>Black</u>, 525 F.3d at 365.  The reasonable suspicion determination is a "commonsensical proposition," and deference should be accorded to police officers' determinations based on their practical experience.  <u>United States v. Foreman</u>, 369 F.3d 776, 782 (4th Cir. 2004).  Our review of the record, construed in the light most favorable to the government, leads us to conclude that the district court's conclusion that reasonable suspicion justified the stop of Threat is sound.  The district court thus properly denied Threat's motion to suppress.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3